## City of Muncie v. Sharp.

[No. 13,278. Filed February 15, 1929. Rehearing denied April 16, 1929.]

*George H. Koons,* for appellant.

*Edward R. Templer* and *Clarence E. Benadum* for appellee.

McMAHAN, P. J.—In February, 1926, appellee filed his complaint alleging that he was the owner of a residence, which he had erected about a year previously on a designated lot in Muncie, and which he had since occupied as a home for himself and family; that appellant had negligently placed two iron pipes across the street in front of his residence and thereby caused the water to be gathered into such pipes and to flow over his property; that appellant negligently failed to clean out the gutters along the street, on account of which negligence, the water flowed over his property to his damage. In November, 1926, he filed a second paragraph of complaint alleging that appellant "wilfully and purposely and without right" had placed the pipes across the street immediately in front of his house and thereby caused the water to flow upon his lot and against his house, and wilfully "failed to clean out the gutter," so as to cause the water to flow off along the side of the street, on account of which "wrong" the water gathered at the point where the pipes were located, and was discharged over his premises and against his house, making the same unhealthy, and that it undermined the foundation of his house to his damage. It also alleged that, during the fall of 1926, further damage was done to the house by reason of the water flowing through the pipe; that appellant saw and knew of the fact, but "purposely, wil-

fully and wrongfully" failed to have the pipes removed or to take any steps to remedy the situation, and that the situation had become and was a continuing nuisance. Upon the filing of the second paragraph of the complaint, the first paragraph was dismissed.

Appellant later filed a plea in abatement, alleging, in substance, that appellee was not the owner of the property at the time the pipes were placed in the street; that appellee never filed any claim for damages with the city clerk nor had any claim for damages been presented to appellant for allowance or disallowance as provided by §11090 Burns 1926, Acts 1905 p. 219, §237, and that appellee never gave notice of injury as required by §11230 Burns 1926, Acts 1907 p. 249. Appellee's demurrer to the plea in abatement was sustained and was followed by a motion to strike out and to make the second paragraph more specific. These were overruled, as was also appellant's demurrer. Trial by jury resulted in a judgment for appellee in the sum of $700.

Appellant's contention that the verdict is not sustained by sufficient evidence must, in our judgment, be sustained. The theory of appellee's complaint is that he was the owner of the real estate which he claims was damaged by the acts of appellant. It is not an action founded upon interference with his possessionary rights by appellant's act in placing the pipe in the street, or by reason of its failure to keep the gutters along the street open. The complaint is based upon the theory that appellee was the legal owner of the lot in question and that appellant wilfully injured the same. There is no allegation in the complaint that appellee owned the property at the time the pipes were placed in the street or that he at that time had any legal or equitable interest or claim in the same. The undisputed evidence shows that appellee did not become the owner of the property until May 5, 1926, which was

after this action was commenced. The inference is that prior to that date the property was owned by appellee's son. There is no allegation in the complaint, nor is there any evidence, that appellee had purchased the property under a contract entitling him to a deed upon payment of the purchase price, and that he took possession thereof under such contract and built a house, so as to make him an equitable owner. The complaint being based upon the theory that appellee was the legal owner of the property, and the cause having been tried upon that theory, it will be disposed of in this court upon the same theory. The undisputed evidence being that appellee was not the owner when this action was commenced, we hold the verdict is not sustained by the evidence.

There is no merit in the contention that the court erred in sustaining the demurrer to appellant's so-called plea in abatement. The sections of the statutes mentioned in the plea are not applicable to an action of this kind, and if they were, the matters alleged would be matters in bar and not in abatement.

Other questions are discussed, but inasmuch as they are not likely to arise on a second trial, we need not pass upon them at this time.

Judgment reversed, with directions to sustain appellant's motion for a new trial and for leave to amend the pleadings if desired.